E-FILED 2026 JUL 29 9:43 AM SCOTT - CLERK OF DISTRICT COURT

# IN THE IOWA DISTRICT COURT FOR SCOTT COUNTY

LAPRESHIA LEWIS,

**Plaintiff,**

**CASE NO.** LACE 141154

**v.**

CITY OF DAVENPORT, IOWA,

**Defendant.**

**PETITION AT LAW**

**AND DEMAND FOR JURY TRIAL**

**COMES NOW** the Plaintiff, Lapreshia Lewis, proceeding Pro Se, and for her Petition at Law against Defendant City of Davenport, Iowa, states as follows:

## PARTIES AND JURISDICTION

**1.** Plaintiff, Lapreshia Lewis, is an individual residing in Scott County, State of Iowa.

**2.** Defendant, City of Davenport, Iowa, is a municipal corporation organized under the laws of the State of Iowa, located within Scott County, Iowa.

**3.** Jurisdiction and venue are proper in the Iowa District Court for Scott County pursuant to the Iowa Municipal Tort Claims Act (Iowa Code Chapter 670) and Iowa Code § 616.16, as the acts, omissions, statutory violations, and damages giving rise to this action occurred within Scott County, Iowa.

**4.** Plaintiff has complied with all statutory notice provisions set forth under Iowa Code § 670.5 by serving formal written notice of Municipal Tort Claim RM26-306 upon Defendant on June 11, 2026, allowing Defendant over 40 days to administratively resolve this matter.

## FACTUAL ALLEGATIONS

**5.** At all times relevant hereto, Defendant City of Davenport maintained administrative oversight and operational authority through its municipal divisions, including the **Office of Assisted Housing** (Housing Choice Voucher Program) and the **Finance Department / Revenue Division.**

**6.** In early February 2026, Plaintiff formally requested portability of her federal Housing Choice Voucher **under 24 C.F.R. § 982.353** to relocate to the Eastern Iowa Regional Housing Authority due to reasonable accommodation and medical necessity.

**7.** During the portability process, Defendant's Housing Coordinator, Amy Dochterman, improperly interfered in a private civil lease dispute between Plaintiff and her private landlord regarding disputed municipal utility charges, going so far as to actively solicit and audit additional billing statements from the landlord to assess against Plaintiff.

**8.** Specifically, Defendant **breached** statutory privacy standards under **Iowa Code § 388.9A** when Housing Coordinator Amy Dochterman improperly accessed, obtained, and disseminated Plaintiff's confidential municipal utility and trash billing records from the City Revenue Division to a third-party private landlord **without** Plaintiff's written **authorization or a signed waiver.**

**9.** Defendant further **misused confidential municipal utility data** to act as an uncertified debt collector for a private landlord, in violation of state privacy standards and HUD regulations.

**10. On February 5, 2026,** and **February 10, 2026,** Defendant, through **Amy Dochterman**, formally threatened to deny and withhold Plaintiff's federal housing voucher, explicitly stating Plaintiff was "*not eligible for a voucher to move*" until an unadjudicated civil debt was satisfied, thereby blocking Plaintiff's federal mobility rights without statutory authority or procedural due process under 24 C.F.R. § 982.553 and § 982.554.

**11. On February 11, 2026,** Plaintiff put the City on formal notice of statutory privacy violations under Iowa Code § 388.9A, administrative overreach, and retaliatory conduct via written communication to Assistant Finance Director Jim Odean.

**12. On February 11, 2026,** following internal review, Assistant Finance Director Jim Odean confirmed in writing that Plaintiff's utility account was current, that the disputed

assessments were erroneous, and that the City was issuing a full reimbursement check to the landlord.

**13. On February 13, 2026**, Housing Programs Manager Malia Dunn acknowledged the Finance Department's resolution and confirmed that Plaintiff's housing voucher was finally released and mailed.

**14. On June 11, 2026**, Plaintiff formally submitted a detailed evidence packet and notice of claim (RM26-306) to Defendant's Risk Management Division, outlining the statutory privacy violations, unlawful voucher withholding, and resulting economic and non-economic harm.

**15.** Despite repeated status inquiries on July 7, 2026, and July 21, 2026, Defendant failed to issue a final determination, take corrective administrative action, or reach a settlement, forcing Plaintiff to seek judicial relief.

## ATTACHED EXHIBITS

**Pursuant to the Iowa Rules of Civil Procedure, Plaintiff attaches the following core documents to this Petition:**

**Exhibit A:** Written communications from Housing Coordinator Amy Dochterman regarding utility lookup and voucher hold.

**Exhibit B:** Written confirmation from Assistant Finance Director Jim Odean & Housing Manager Malia Dunn confirming account clearance, refund check, and voucher release.

**Exhibit C:** Written notice of Municipal Tort Claim RM26-306 and Risk Management escalation correspondence.

## COUNT I

## MUNICIPAL TORT LIABILITY / STATUTORY VIOLATION

## (Iowa Code § 388.9A & Chapter 670)

**16.** Plaintiff realleges and incorporates Paragraphs 1 through 15 as if fully set forth herein.

**17.** Under Iowa Code Chapter 670, Defendant City of Davenport is liable for its torts and the torts of its officers, employees, and agents acting within the scope of their employment or duties.

**18.** Under Iowa Code § 388.9A, Defendant owed Plaintiff a statutory duty of care to maintain the strict confidentiality of customer utility account records and refrain from unauthorized disclosures to third parties.

**19.** Defendant breached its statutory duty of care by making administrative billing errors, improperly accessing and disclosing confidential customer utility records to third parties, soliciting private debts, and imposing administrative duress upon Plaintiff.

**20.** As a direct and proximate result of Defendant's statutory violations and administrative failures, Plaintiff suffered direct economic losses, relocation delays, and out-of-pocket expenses.

**COUNT II**

**EXACERBATION OF EMOTIONAL DISTRESS & SEVERE ANXIETY**

**(Iowa Code Chapter 670)**

**21.** Plaintiff realleges and incorporates Paragraphs 1 through 20 as if fully set forth herein.

**22.** As a direct and proximate result of Defendant's wrongful conduct, statutory privacy breach, improper voucher withholding during a medical relocation, and prolonged administrative duress, Plaintiff experienced severe emotional distress, heightened anxiety, and significant disruption to living conditions.

**23.** Plaintiff's severe emotional distress and anxiety were directly aggravated by Defendant's actions, requiring ongoing medical and mental health counseling services.

**COUNT III**

**PROCEDURAL DUE PROCESS VIOLATION / UNLAWFUL VOUCHER WITHHOLDING**

**(42 U.S.C. § 1983, U.S. Const. Amend. XIV, & HUD Regulations)**

**24.** Plaintiff realleges and incorporates Paragraphs 1 through 23 as if fully set forth herein.

**25.** Plaintiff possessed a protected property interest in her federal housing assistance voucher under federal regulations (24 C.F.R. Part 982) and state law.

**26.** Defendant, acting under color of state law, violated Plaintiff's procedural due process rights guaranteed under the Fourteenth Amendment to the United States Constitution and enforceable via 42 U.S.C. § 1983 by threatening, conditioning, and withholding her federal housing voucher based on an unverified, erroneous debt that the City Finance Department subsequently admitted was invalid and issued a refund for.

**27**. As a direct and proximate result of Defendant's unlawful withholding, administrative overreach, and due process violations, Plaintiff suffered housing instability, severe mental anguish, relocation costs, and compensatory financial damages.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Lapreshia Lewis, respectfully requests that this Court enter judgment in her favor and against Defendant, City of Davenport, Iowa, for:

**A. Actual and consequential economic compensatory damages** for out-of-pocket expenses, relocation costs, housing delays, and financial losses;

**B. Non-economic compensatory damages** for severe emotional distress, mental anguish, humiliation, and stress exacerbation in an amount that exceeds the jurisdictional threshold of this Court, to be determined by a jury at trial pursuant to Iowa Rule of Civil Procedure 1.403(1);

**C. Statutory interest** as provided by Iowa law;

**D.Court costs,** litigation expenses, and reasonable attorney's fees pursuant to Iowa Code Chapter 625 and 42 U.S.C. § 1988; and

**E. Such other and further relief,** both in law and equity, as the Court deems just, equitable, and necessary to remedy Defendant's statutory and constitutional violations.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

**Respectfully submitted,**

L. Lewis

**Lapreshia Lewis, Claimant Pro Se**

**15 Riverview Lane**

**Bettendorf, IA 52722**

**Phone: (773) 559-7297**

**Email: preshiaivory@gmail.com**

Gmail

Lapreshia lewis <preshiaivory@gmail.com>

# Formal Dispute of Sewer Charges, Lien Payment, and Lease Amendment

6 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 31 January 2026 at 20:42
To: Randy Bramow <rbramow@newburyliving.com>, Elizabeth Medina <emedina@newburyliving.com>

Hello,

I am writing to formally dispute the sewer charges, the attempted lease amendment, and the notice stating that my security deposit will be applied toward sewer charges.

**Sewer charges and timeline:**
The first balance notice I received was dated June 30, 2025, in the amount of $216.26. A second notice dated August 1, 2025, reflected a balance of $701. Prior to these notices, sewer charges were never discussed with me.

Only *after* these balances were issued did management provide a lease amendment dated August 27, 2025, stating water/sewer requirements with a start date of October 1, 2025. I have never signed or agreed to this amendment.

**Account placement and lack of authorization:**
In July 2025, I contacted the City of Davenport and was informed that the sewer account has been in my name since April 12, 2024, the date I moved into the unit. I advised the City that I never contacted the sewer department, never signed up for sewer service, and never authorized an account to be opened in my name. I was informed that my information was obtained from the water company.

At no time did I authorize management to pay a sewer bill on my behalf, and I never requested that any bill in my name be paid by the landlord.

**Lien and payment issue:**
The City of Davenport explained that a lien was placed on the building because management did not elect to pursue collection against me directly. As a result, the lien attached to the property rather than going to collections in my name. Management then paid the lien on the building and is now attempting to recover that payment from me, despite the sewer account having always been in my name according to the City.

I dispute responsibility for reimbursing a payment I did not authorize, particularly where I was never notified of the account or given the opportunity to address the charges myself.

**Unequal treatment of tenants:**
I was further informed by the City of Davenport that management arranged for sewer charges related to the other unit in the duplex to be assigned directly to that tenant and sent to collections in her name rather than attached to the building. I am requesting clarification as to why this option was not applied equally to my unit and why I am being treated differently from the neighboring tenant, who has also never paid sewer directly.

**Lease terms and retroactive billing:**
Sewer is not listed as a tenant responsibility in my lease. I renewed my lease in January 2025 with no change to the utility provisions. Under **Iowa Code § 562A.12(3)**, utilities a tenant is required to pay must be disclosed in the rental agreement. I dispute any attempt to retroactively assess sewer charges for periods dating back to 2024 and early 2025 when no notice or agreement existed.

**Exemption status:**
As of November 2025, I am exempt from paying sewer charges due to my fixed-income status, further disputing any ongoing or future billing attempts.

**Security deposit:**
I object to any attempt to apply my security deposit toward disputed sewer charges. Under **Iowa Code § 562A.12(4)**, a security deposit may not be withheld for charges not lawfully owed under the lease.

**Common-area electricity:**
I have also discovered that my electrical service has been supplying power to security cameras for the entire duplex. There are seven cameras, including cameras covering my neighbor's side. This became apparent when a control box

Exhibit A

located inside my unit was unplugged and all exterior cameras powered off. This use of my electricity was never disclosed or authorized in my lease.

**My position:**
I dispute all sewer charges assessed prior to any valid, signed lease amendment, dispute responsibility for reimbursing a lien payment I did not authorize, and object to the use of my utilities for common-area equipment. I request written clarification and documentation supporting management's position, including any authorization relied upon for placing sewer service in my name and using my electrical service.

Thank you,
Lapreshia

---

**Lapreshia lewis** <preshiaivory@gmail.com> 4 February 2026 at 14:31
To: "Dochterman, Amy" <amy.dochterman@davenportiowa.com>

[Quoted text hidden]

---

**Lapreshia lewis** <preshiaivory@gmail.com> 4 February 2026 at 23:37
To: Malia.Dunn@davenportiowa.com

Dear Mrs.Dunn,
I am forwarding a formal dispute I have sent to my landlord regarding unauthorized utility charges and the use of my personal electricity for common-area security cameras. I am an SSI recipient on the Section 8 program. My caseworker, Amy, previously informed me that these 'side payments' for property liens are common, but I believe they violate my HUD contract and the signed Lease Agreement. I am requesting that the Housing Authority investigate these charges to ensure they are not unauthorized side payments before any action is taken against my voucher.
[Quoted text hidden]

---

**Dunn, Malia** <Malia.Dunn@davenportiowa.com> 5 February 2026 at 08:06
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "Dochterman, Amy" <amy.dochterman@davenportiowa.com>

Since I have no prior knowledge of what is occurring with your landlord and your current lease agreement. I would refer you to legal aid, as our office can not provide

you with any legal advice or open an investigation involving litigation between you and your landlord.

I believe Ms. Dochterman provided this information to you via the phone yesterday.

Sincerely,

**Malia Dunn, MHR**

Housing Programs Manager| Community and Economic Development – HCV Office

**City of Davenport**

**T** 563-888-2202

226 W 4th St, Davenport, IA 52801

davenportiowa.com

ExhibitA1

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Wednesday, February 4, 2026 11:38 PM
**To:** Dunn, Malia <Malia.Dunn@davenportiowa.com>
**Subject:** [EXT] Fwd: Formal Dispute of Sewer Charges, Lien Payment, and Lease Amendment

**ATTENTION: This is an external email.**

[Quoted text hidden]

---

**Dochterman, Amy** <amy.dochterman@davenportiowa.com> 5 February 2026 at 09:22
To: "Dunn, Malia" <Malia.Dunn@davenportiowa.com>, Lapreshia lewis <preshiaivory@gmail.com>
Cc: Lapreshia lewis <preshiaivory@gmail.com>

Lapreshia

As I said yesterday, these aren't considered "side payments" as they are reimbursing the landlord for bills paid on your behalf. What I said was it was not uncommon for the landlord to pay the debt when the tenant doesn't to avoid a lien on the property and then billing the tenant for the bill. A side payment would be is a payment made by a tenant to a landlord that is not documented or reported to a housing authority. The Housing Authority is aware that you owe water and sewer so the "side payment" argument doesn't apply to the Housing Authority.

Yesterday, we spoke for almost a half hour about what your options where, what resources were available to you and the Housing Authorities position. Although I understand you feel you don't owe the money, per the signed RTA submitted, you agreed to pay the water and sewer. Your rental assistance and tenancy approval was based on this agreement. Again, that was submitted SIGNED by both parties. The HUD contract also contract shows that you are responsible for these utilities.

As you were advised yesterday and I believe by our conversation last week,, you need to pursue your legal options regarding the debt as this is between you and the landlord.

I also advised that you weren't eligible for a voucher to move until you resolved this issue which is the case. The Housing Authority will not provide a voucher to a participant when they knowingly owe money to the landlord. Once you resolve this issue, please send the Housing Authority verification. You also said that you had Legal Aide working on this so they should be able to answer any legal questions.

Thank you

AMY DOCHTERMAN

Exhibit A2

Gmail **Lapreshia lewis <preshiaivory@gmail.com>**

## NEW EVIDENCE: Lease Renewal Offer from Landlord - Lapreshia Lewis

5 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 5 February 2026 at 13:15
To: "Dunn, Malia" <Malia.Dunn@davenportiowa.com>
Cc: "Dochterman, Amy" <amy.dochterman@davenportiowa.com>

Dear Mrs Dunn and Mrs Dochterman,

I am writing to provide a new, critical piece of evidence regarding the "unpaid utility" dispute.
Last night, February 4, 2026, my landlord (Randy Bramow) placed a Lease Renewal Offer on my door.
In this letter, the landlord states:
"We enjoy having you as a resident and hope you will choose to remain with us."

They are offering me a new 12-month lease renewal starting April 1, 2026.

I am confused as to how the Housing Authority can pursue a termination for "lease violations" when the landlord himself is officially stating that he enjoys having me as a resident and wants me to stay for another year.

This renewal offer proves that there is no "material non-compliance" with my lease.

Furthermore, I am re-submitting the following facts for the record:

Unauthorized Side Payment: The landlord is demanding $701.53 for a debt the City says I do not owe.

City Balance of $0.00: I have attached the City of Davenport letter confirming my balance is zero.

Electricity Theft: The landlord is still using my personal electricity for 5 common-area cameras.

I am requesting that the Housing Authority immediately withdraw the termination threat sent by Amy Dochterman. It is clear from the landlord's renewal offer that I am a tenant in good standing.

I have copied Iowa Legal Aid on this matter and request a written confirmation that my voucher is secure.
Sincerely,
Lapreshia Lewis

On Thu, Feb 5, 2026, 8:46 AM Dunn, Malia <Malia.Dunn@davenportiowa.com> wrote:

Ms. Lewis,

For future reference, I would include Ms. Dochterman in the email so she is aware of your request.

I have not spoken to her about these disputed charges, but be advised that no one in this office is able to provide any legal advice

or get involved in legal disputes between you and your landlord.

Keep in mind, I don't know the specifics of what was discussed between you and Ms. Dochterman.

Please allow me the opportunity to review the matter further.

Exhibit A3

Sincerely,

**Malia Dunn, MHR**

Housing Programs Manager| Community and Economic Development – HCV Office

**City of Davenport**

**T** 563-888-2202

226 W 4th St, Davenport, IA 52801

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Thursday, February 5, 2026 8:39 AM
**To:** Dunn, Malia <Malia.Dunn@davenportiowa.com>
**Subject:** [EXT] URGENT: Clarification on Voucher Status / Response to Amy Dochterman's Letter

**ATTENTION: This is an external email.**

Dear Malia,

Thank you for your response. I am writing back because there seems to be a significant misunderstanding within the office.

You stated that your office "cannot get involved" and has "no prior knowledge" of this situation. However, Amy Dochterman has already sent me a formal letter threatening to terminate my housing voucher because of these same disputed sewer charges.

If your office is "not involved" and has no knowledge of the lease discrepancies, I am deeply concerned as to why a termination is being pursued. I have attached the letter Amy sent me for your review.

As an SSI recipient, I am requesting that you intervene to ensure my voucher is not terminated before your office has even reviewed the evidence that these are unauthorized side payments not covered by my lease.

I will be contacting Iowa Legal Aid as you and amy suggested, but I request your confirmation that no action will be taken against my voucher while the office is "not involved" in this litigation.

Sincerely,

Lapreshia

On Thu, Feb 5, 2026, 8:06 AM Dunn, Malia <Malia.Dunn@davenportiowa.com> wrote:

> Since I have no prior knowledge of what is occurring with your landlord and your current lease agreement. I would refer you to legal aid, as our office can not provide
>
> you with any legal advice or open an investigation involving litigation between you and your landlord.

Exhibit A4

I believe Ms. Dochterman provided this information to you via the phone yesterday.

Sincerely,

**Malia Dunn, MHR**

Housing Programs Manager| Community and Economic Development – HCV Office

**City of Davenport**

**T** 563-888-2202

226 W 4th St, Davenport, IA 52801

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Wednesday, February 4, 2026 11:38 PM
**To:** Dunn, Malia <Malia.Dunn@davenportiowa.com>
**Subject:** [EXT] Fwd: Formal Dispute of Sewer Charges, Lien Payment, and Lease Amendment

ATTENTION: **This is an external email.**

Dear Mrs.Dunn,

I am forwarding a formal dispute I have sent to my landlord regarding unauthorized utility charges and the use of my personal electricity for common-area security cameras. I am an SSI recipient on the Section 8 program. My caseworker, Amy, previously informed me that these 'side payments' for property liens are common, but I believe they violate my HUD contract and the signed Lease Agreement. I am requesting that the Housing Authority investigate these charges to ensure they are not unauthorized side payments before any action is taken against my voucher.

---------- Forwarded message ---------
From: **Lapreshia lewis** <preshiaivory@gmail.com>
Date: Wed, Feb 4, 2026, 2:31 PM
Subject: Fwd: Formal Dispute of Sewer Charges, Lien Payment, and Lease Amendment
To: Dochterman, Amy <amy.dochterman@davenportiowa.com>

---------- Forwarded message ---------
From: **Lapreshia lewis** <preshiaivory@gmail.com>
Date: Sat, Jan 31, 2026, 8:42 PM
Subject: Formal Dispute of Sewer Charges, Lien Payment, and Lease Amendment
To: Randy Bramow <rbramow@newburyliving.com>, **Elizabeth Medina** <emedina@newburyliving.com>

Exhibit A5

Hello,

I am writing to formally dispute the sewer charges, the attempted lease amendment, and the notice stating that my security deposit will be applied toward sewer charges.

**Sewer charges and timeline:**
The first balance notice I received was dated June 30, 2025, in the amount of $216.26. A second notice dated August 1, 2025, reflected a balance of $701. Prior to these notices, sewer charges were never discussed with me.

Only *after* these balances were issued did management provide a lease amendment dated August 27, 2025, stating water/sewer requirements with a start date of October 1, 2025. I have never signed or agreed to this amendment.

**Account placement and lack of authorization:**
In July 2025, I contacted the City of Davenport and was informed that the sewer account has been in my name since April 12, 2024, the date I moved into the unit. I advised the City that I never contacted the sewer department, never signed up for sewer service, and never authorized an account to be opened in my name. I was informed that my information was obtained from the water company.

At no time did I authorize management to pay a sewer bill on my behalf, and I never requested that any bill in my name be paid by the landlord.

**Lien and payment issue:**
The City of Davenport explained that a lien was placed on the building because management did not elect to pursue collection against me directly. As a result, the lien attached to the property rather than going to collections in my name. Management then paid the lien on the building and is now attempting to recover that payment from me, despite the sewer account having always been in my name according to the City.

I dispute responsibility for reimbursing a payment I did not authorize, particularly where I was never notified of the account or given the opportunity to address the charges myself.

**Unequal treatment of tenants:**
I was further informed by the City of Davenport that management arranged for sewer charges related to the other unit in the duplex to be assigned directly to that tenant and sent to collections in her name rather than attached to the building. I am requesting clarification as to why this option was not applied equally to my unit and why I am being treated differently from the neighboring tenant, who has also never paid sewer directly.

**Lease terms and retroactive billing:**
Sewer is not listed as a tenant responsibility in my lease. I renewed my lease in January 2025 with no change to the utility provisions. Under **Iowa Code § 562A.12(3)**, utilities a tenant is required to pay must be disclosed in the rental agreement. I dispute any attempt to retroactively assess sewer charges for periods dating back to 2024 and early 2025 when no notice or agreement existed.

**Exemption status:**
As of November 2025, I am exempt from paying sewer charges due to my fixed-income status, further disputing any ongoing or future billing attempts.

**Security deposit:**
I object to any attempt to apply my security deposit toward disputed sewer charges. Under **Iowa Code § 562A.12(4)**, a security deposit may not be withheld for charges not lawfully owed under the lease.

**Common-area electricity:**
I have also discovered that my electrical service has been supplying power to security cameras for the entire duplex. There are seven cameras, including cameras covering my neighbor's side. This became apparent when a control box located inside my unit was unplugged and all exterior cameras powered off. This use of my electricity was never disclosed or authorized in my lease.

**My position:**
I dispute all sewer charges assessed prior to any valid, signed lease amendment, dispute responsibility for reimbursing a lien payment I did not authorize, and object to the use of my utilities for common-area equipment. I request written clarification and documentation supporting management's position, including any authorization relied upon for placing sewer service in my name and using my electrical service.

Thank you,
Lapreshia

Exhibit A6

**2 attachments**



**gmail_images20260205_085947.png**
4530K



**gmail_images20260205_090024.png**
4660K

**Lapreshia lewis** <preshiaivory@gmail.com> 5 February 2026 at 13:19
To: "Dunn, Malia" <Malia.Dunn@davenportiowa.com>
Cc: "Dochterman, Amy" <amy.dochterman@davenportiowa.com>

Exhibit A 7

THE CITY OF
DAVENPORT
IOWA | USA

November 14, 2025

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT, IA 52803

Re: Utility Exemption:

Thank you for submitting your Utility Exemption application for the City of Davenport. After reviewing your application and the documentation you provided, your application has been approved.

You currently have a balance of $0.00 that you are responsible for. You will no longer receive a bill from us while you are on the program for this property.

Please contact me if you have any questions.

Respectfully,

Andrea Kinning

Andrea Kinning
City of Davenport
Revenue Division

[Quoted text hidden]

Exhibit A8

**Dochterman, Amy** <amy.dochterman@davenportiowa.com> 6 February 2026 at 09:06
To: Lapreshia lewis <preshiaivory@gmail.com>, "Dunn, Malia" <Malia.Dunn@davenportiowa.com>
Cc: "Dunn, Malia" <Malia.Dunn@davenportiowa.com>

~~The letter~~ you received was not a "threat" . It is a standard letter sent to every participant when the Housing Authority is notified by the landlord of violations. It is a reminder to the participant of policy and rules and is provided to the participant as a courtesy regarding their obligations as a participant under the HCV Program.

AJC Letter to tnt re: lease violation ntc from LL

January 30, 2026

LA PRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803

Ms. Lewis:

I have received notice that you are in violation of your lease because of the following:

X Unpaid Utilities & Charges

You are required under the Section 8 contract to pay your portion of the rent and utility bills you are responsible for and supply appliances that the owner is not required to supply under the lease. The family must not damage the unit or premises or permit any guest to damage the unit or premises. You are not to have any people living with you who are not listed on your lease and your Section 8 agreement. You agreed to these rules when you signed your Statement of Responsibility to obtain Section 8 Rental Assistance. If you are evicted from your unit for a lease violation, if your lease is terminated because of a lease violation or if you vacate the owing money to the landlord or Housing Authority, you may lose your Section 8 Rental Assistance and will not be issued a voucher.

Sincerely,
Amy Dochterman
Housing Coordinator

It will remain a part of your permanent file as well as the follow up communication and documentation that you provide.

Thank you.

AMY DOCHTERMAN

Housing Coordinator I Office of Assisted Housing

**City of Davenport**

Exhibit A9

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

**Regarding Utility Charges and Portability Request - Lapreshia Lewis**
4 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 10 February 2026 at 13:13
To: "Dochterman, Amy" <amy.dochterman@davenportiowa.com>
Cc: tiffany.n.chow@hud.gov
Bcc: "Dunn, Malia" <Malia.Dunn@davenportiowa.com>

Dear Amy,

Thank you for your help in looking into the breakdown of the utility charges.

Regarding the garbage portion of the bills ($93.64 + $70.23 + $70.23), I agree that I am responsible for these charges.

To ensure the landlord is paid and to keep my moving process on track, I am officially agreeing to have the total of $234.10 for garbage services deducted from my security deposit when I move out on March 31, 2026.

I hope this helps resolve the outstanding balance issue.

Since I am eager to move forward with my portability to the Eastern Iowa Regional Housing Authority, could you please leave me the portability form and any other information I need to complete at the front desk?

I appreciate your time and look forward to hearing from you.

Exhibit A10

E-FILED 2026 JUL 29 9:49 AM SCOTT - CLERK OF DISTRICT COURT

This lease ... and Landlord ... of the Amendment ... Tenant ... terms of the ... other section ... on 10/1 ... current lease

THE CITY OF DAVENPORT IOWA USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

LAPRESHIA LEWIS
Customer #: [illegible]
Account #: [illegible]
Invoice #: [illegible]
$251.44 DUE ON [illegible]
Service Address
[illegible]

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803

| Service Period From | Service Period To | Days | Bill Date |
|---|---|---|---|
| 04/12/2024 | 08/09/2024 | 120 | 09/25/2024 |

| Description | Usage | Unit | Rate | Amount Due |
|---|---|---|---|---|
| SEWER QUARTERLY CUST CHARGE | 1 | | $32.88 | $43.84 |
| SEWER FLOW RATE (35 CCF MAX) | 16 | CCF | $6.31 | $100.96 |
| LARGE GARBAGE CART | 1 | CART(S) | $70.23 | $93.64 |
| CLEAN WATER FEE QUARTERLY | 1 | ERU | $8.75 | $13.00 |
| | | | | |
| | | | | |
| | | | | |

| Previous Balance | Payments | Penalties/ Adjustments | Balance Forward | Current Charges |
|---|---|---|---|---|
| $0.00 | $0.00 | $0.00 | $0.00 | $251.44 |
| | AMOUNT DUE BY | 10/23/2024 | | $251.44 |
| | AMOUNT DUE AFTER | 10/23/2024 | | [illegible] |

For questions regarding our billing, please refer to the instructions on the back. Additional questions can be answered by calling our Customer Service at 563-326-7707.

**WE APPRECIATE YOUR PROMPT PAYMENT!**

Blowing, pushing or placing grass clippings in the street is a violation of the Clean Water Act & City Code. This action degrades water quality and contributes to localized street flooding. Call 326-7923 or visit www.davenportiowa.com/... to report violations. (partly legible)

---

THE CITY OF DAVENPORT IOWA USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

[illegible]

FISERV WILL NOT ACCEPT PAYMENT AFTER [illegible]

Amount Paid: $

Send Payment to: City of Davenport
Revenue Division
P.O. Box 8003
Davenport, IA 52808-8003

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803-5707

Exhibit A11

E-FILED 2026 JUL 29 9:49 AM SCOTT - CLERK OF DISTRICT COURT

THE CITY OF
**DAVENPORT**
IOWA • USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

LAPRESHIA LEWIS
Customer #: [illegible]
Account #: [illegible]
Invoice #: [illegible]
[illegible]
Service Address
619 E 7TH ST

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803

| Service Period From | Service Period To | Days | Bill Date |
|---|---|---|---|
| 08/09/2024 | 11/11/2024 | 94 | 12/27/2024 |

| Description | Usage | Unit | Rate | Amount Due |
|---|---|---|---|---|
| SEWER QUARTERLY CUST CHARGE | 1 | | $32.88 | $32.88 |
| SEWER FLOW RATE (35 CCF MAX) | 14 | CCF | $6.31 | $88.34 |
| LARGE GARBAGE CART | 1 | CART(S) | $70.23 | $70.23 |
| CLEAN WATER FEE QUARTERLY | 1 | ERU | $9.75 | $9.75 |
| | | | | |
| | | | | |
| | | | | |

| Previous Balance | Payments | Penalties Adjustments | Balance Forward | Current Charges |
|---|---|---|---|---|
| $251.44 | $0.00 | $-251.44 | $0.00 | $201.20 |

**AMOUNT DUE BY 01/27/2025** [illegible]

**AMOUNT DUE AFTER 01/27/2025** [illegible]

For questions regarding our billing, please refer to the instructions on the back. Additional questions can be answered by calling our Customer Service at 563-326-7707.

**WE APPRECIATE YOUR PROMPT PAYMENT!**
SAVE YOURSELF A CALL! IF YOU NEED TO SET UP [illegible] CHANGE YOUR MAILING ADDRESS, CONTACT IOWA AMERICAN WATER AT [illegible]. THEY WILL TAKE THE INFORMATION [illegible] AND THEN PROVIDE THE UPDATE TO THE CITY [illegible]

---

THE CITY OF
**DAVENPORT**
IOWA • USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

[illegible]

FISERV WILL NOT ACCEPT PAYMENT AFTER [illegible]

Amount Paid: $

Send Payment to: City of Davenport
Revenue Division
P.O. Box 8003
Davenport, IA 52808-8003

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803-5767

Exhibit A 12

LANDLORD
HDG New Horizons
[illegible] LP

to the Lease between the [illegible]

[illegible] it is being

THE CITY OF DAVENPORT

THE CITY OF
DAVENPORT
IOWA | USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

LAPRESHIA LEWIS
Customer #: [illegible]
Account #: [illegible]
Invoice #: [illegible]
$201.20 DUE ON 04/24/2025
Service Address
619 E 7TH ST

LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803

| Service Period From | Service Period To | Days | Bill Date |
|---|---|---|---|
| 11/11/2024 | 02/11/2025 | 92 | 03/26/2025 |

| Description | Usage | Unit | Rate | Amount Due |
|---|---|---|---|---|
| SEWER QUARTERLY CUST CHARGE | 1 | | $32.88 | $32.88 |
| SEWER FLOW RATE (35 CCF MAX) | 14 | CCF | $6.31 | $88.34 |
| LARGE GARBAGE CART | 1 | CART(S) | $70.23 | $70.23 |
| CLEAN WATER FEE QUARTERLY | 1 | ERU | $9.75 | $9.75 |

| Previous Balance | Payments | Penalties/ Adjustments | Balance Forward | Current Charges |
|---|---|---|---|---|
| $201.20 | $0.00 | $-201.20 | $0.00 | $201.20 |

AMOUNT DUE BY 04/24/2025 $201.20

AMOUNT DUE AFTER 04/24/2025 [illegible]

For questions regarding our billing, please refer to the instructions on the back. Additional questions can be answered by calling our Customer Service at 563-326-7707.

WE APPRECIATE YOUR PROMPT PAYMENT!

Free yard waste weeks are April 7 to April 18. No stickers required on yard waste placed for collection during these weeks. Curbside yard waste collection begins April [illegible]
www.davenportiowa.com/[illegible]

THE CITY OF
DAVENPORT
IOWA | USA

Revenue Division
PO Box 8003
Davenport, Iowa 52808-8003
(563) 326-7707
www.davenportiowa.com

FISERV WILL NOT ACCEPT PAYMENT AFTER [illegible]

Amount Paid: $

Send Payment to: City of Davenport
Revenue Division
P.O. Box 8003
Davenport, IA 52808-8003

[illegible]
LAPRESHIA LEWIS
619 E 7TH ST
DAVENPORT IA 52803-5707

1006604202550749057460000201202

Sincerely,

Exhibit A13

Lapreshia Lewis

---

**Dochterman, Amy** <amy.dochterman@davenportiowa.com> 10 February 2026 at 13:18
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "tiffany.n.chow@hud.gov" <tiffany.n.chow@hud.gov>, "Dunn, Malia" <Malia.Dunn@davenportiowa.com>, Randy Bramow <rbramow@newburyliving.com>

I have requested the total amount billed directly from the department that does the billing. It will go back to your move in date and I believe there were 4 bills involved, not 3.

Once I receive that, I will send it to you and Randy for review.

AMY DOCHTERMAN

Housing Coordinator I Office of Assisted Housing

**City of Davenport**

**O** 563-326-7765 I **F** 563-326-7969

226 W 4th St. Davenport, IA 52801

Davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Tuesday, February 10, 2026 1:13 PM
**To:** Dochterman, Amy <amy.dochterman@davenportiowa.com>
**Cc:** tiffany.n.chow@hud.gov
**Subject:** [EXT] Regarding Utility Charges and Portability Request - Lapreshia Lewis

**ATTENTION: This is an external email.**

[Quoted text hidden]

---

**Dochterman, Amy** <amy.dochterman@davenportiowa.com> 10 February 2026 at 14:24
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "tiffany.n.chow@hud.gov" <tiffany.n.chow@hud.gov>, Randy Bramow <rbramow@newburyliving.com>, "Dunn, Malia" <Malia.Dunn@davenportiowa.com>

LaPreshia

It has been confirmed that there were 4 bills during that timeframe for the trash Once I get the amounts, I will get those amounts to you and Randy.

You will need to pay this amount before a voucher will be issued. It cannot be pre-deducted from your security deposit as that is not what the deposit is for. You have been in violation of your lease by not paying the trash amount when due and the Housing Authority requires you to be in good standing prior to voucher issuance.

Exhibit A14

Also, I did a search of your husbands name and there is a match with his name connected to your address. I am not sure why this would be since you state he never lived with you. Please confirm he is not nor has he been a resident in your unit as the search indicates he is a current resident

**Rashi Preston**
**Davenport, IA**

**Age:** 38

**Full Name:** Rashi Joseph Preston

**Current Home Address:**

**619 E 7th St**
**Davenport IA 52803**

**Past Addresses:** Homes, Rental Properties, businesses, apartments, condos and/or other real estate associated v Preston in Davenport, IA.

5345 W Jackson Blvd
Chicago IL 60644

5345 W Jackson Blvd, Unit 1
Chicago IL 60644

**Phone:** Cell/Mobile/Wireless and/or landline telephone numbers for Rashi Preston in Davenport, IA.

(312) 404-7376 (Mobile)
(773) 696-7199 (Mobile)
(773) 977-5771 (Mobile)
(773) 378-0325 (Voip)

Thank you for clearing this matter up!

AMY DOCHTERMAN

Housing Coordinator I Office of Assisted Housing

**City of Davenport**

**O** 563-326-7765 I **F** 563-326-7969

226 W 4th St. Davenport, IA 52801

Davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Tuesday, February 10, 2026 1:13 PM
**To:** Dochterman, Amy <amy.dochterman@davenportiowa.com>

Exhibit A15

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

## Unpaid Trash service - L. Lewis

2 messages

**Dochterman, Amy** <amy.dochterman@davenportiowa.com> 11 February 2026 at 09:37
To: Lapreshia lewis <preshiaivory@gmail.com>, Randy Bramow <rbramow@newburyliving.com>
Cc: "tiffany.n.chow@hud.gov" <tiffany.n.chow@hud.gov>, "Dunn, Malia" <Malia.Dunn@davenportiowa.com>

Dear Ms. Lewis & EHDG

As stated in my email yesterday, below is the information regarding the dates and amounts of unpaid trash service that were billed to the tenant and subsequently paid by EHDG.

This information is based on the records provided by City Revenue, which handles trash and sewer billing for the City of Davenport.

Bill Date—Amount—Due Date—Service Period

09/25/24- $93.64- 10/23/24 -- 04/12/24-08/09/24

12/27/24- $70.23 01/22/25 -- 08/09/24-11/11/24

03/26/25- $70.23 04/24/25 -- 11/11/24- 02/11/25

06/27/25- $70.23 07/24/25 -- 02/11/25- 05/09/25

Total due for Trash from move in through when she became exempt: $304.33

The landlord should send a corrected bill to the tenant with a copy to the Housing Authority with a due date not to exceed 30 days. It is my understanding that the tenant wants to have this deducted from the Security Deposit. The landlord is not obligated to honor this request. Please send confirmation when this matter has been resolved so I can continue processing the participants request to port.

Thank you

AMY DOCHTERMAN

Housing Coordinator I Office of Assisted Housing

**City of Davenport**

Exhibit A16

**O** 563-326-7765 I **F** 563-326-7969

226 W 4th St. Davenport, IA 52801

Davenportiowa.com

This email and any files transmitted are covered by the Electronic Communications Privacy Act. The information it contains is confidential and may be legally privileged; it is intended solely for the individual to whom it was addressed. If you are not the intended recipient you are notified that retention, dissemination, distribution or copying this email is prohibited and you should reply to the sender that you have received this email in error and then immediately delete it. Unless otherwise exempted by public record laws, senders and receivers of government emails should presume that the emails are subject to release upon request. Nothing in this email should be interpreted to authorize or conclude a binding agreement of contract between the city and the sender or recipient.

---

**Lapreshia lewis** <preshiaivory@gmail.com> 11 February 2026 at 11:50
To: james.odean@davenportiowa.com

URGENT: Evidence of Privacy Breach and Retaliation - Lapreshia Lewis

Dear Mr. Odean,

As we discussed in your office today, I am formally providing written evidence of a serious privacy breach and administrative misconduct involving a City of Davenport Housing employee, Amy Dochterman.

I am attaching the email I received from Ms. Dochterman today. In this email, she explicitly states: "This information is based on the records provided by City Revenue."

I am writing to put the Finance Department on formal notice of the following legal violations:

Violation of Iowa Code § 388.9A (Utility Record Confidentiality):

This statute explicitly protects "private customer information" and "records of a customer account" as confidential. They are not to be examined or copied as a right. By obtaining and disseminating my private trash and sewer billing data without my written release, Ms. Dochterman and the clerk who provided it have violated state privacy law.

Unlawful Debt Collection / Misuse of City Resources:

Ms. Dochterman is using your department's confidential data to act as a middleman for a private landlord's debt collection. This is a gross misuse of city-funded databases and constitutes an ethical conflict of interest.

Retaliation under the Fair Housing Act:

This "investigation" into my private finances began only after I requested a Reasonable Accommodation for a medical emergency move. Using confidential city records to block a federally protected medical move is considered Retaliation, a serious violation of my civil rights.

I am formally requesting that the Finance Department:

Identify the individual who released my confidential records to the Housing Commission.

Cease all data sharing with the Housing Commission regarding my account immediately.

Issue a formal retraction to the Housing Commission, notifying them that the data was released in error and without a signed waiver, and therefore cannot be used to determine my eligibility or the status of my Portability Packet.

I am scheduled to speak with HUD PIH regarding this matter tomorrow. I would appreciate any confirmation that this investigation has been initiated so I may update her on the City's response.

Thank you for your professionalism and for taking this matter seriously.

Exhibit B

Sincerely,
Lapreshia lewis
773-559-7297
[Quoted text hidden]

Exhibit B

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

---

**619 E 7th St City of Davenport Utilities**
1 message

---

**Odean, James** <james.odean@davenportiowa.com> 11 February 2026 at 13:44
To: Lapreshia lewis <preshiaivory@gmail.com>

Lapreshia,

Thank you for coming and discussing this matter with me this morning. As we discussed on the phone, a check will be issued to your landlord for any balances he paid to the Scott County Treasurer for utility bills issued and assessed against 619 E 7th Street for services in your name, before you were approved for the Utility Exemption Program. The account is current. I will be notifying Malia Dunn and your landlord that the refund will be issued.

Respectfully,

**Jim Odean**

Assistant Finance Director

**City of Davenport**

**T** 563-326-7739 | **F** 563-326-7722

226 W 4th St, Davenport, IA 52801

davenportiowa.com

This email and any files transmitted are covered by the Electronic Communications Privacy Act. The information it contains is confidential and may be legally privileged; it is intended solely for the individual to whom it was addressed. If you are not the intended recipient you are notified that retention, dissemination, distribution or copying this email is prohibited and you should reply to the sender that you have received this email in error and then immediately delete it. Unless otherwise exempted by public record laws, senders and receivers of government emails should presume that the emails are subject to release upon request. Nothing in this email should be interpreted to authorize or conclude a binding agreement of contract between the city and the sender or recipient.

Exhibit B1

Gmail **Lapreshia lewis <preshiaivory@gmail.com>**

## Response to Allegations and Requirement for Portability

**Dunn, Malia** <Malia.Dunn@davenportiowa.com> 13 February 2026 at 13:43
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "Chow, Tiffany N" <tiffany.n.chow@hud.gov>

Good afternoon, Ms. Lewis,

Your voucher was put in the mail yesterday. I have received notification from Mr. Odean that the situation has been resolved.

Sincerely,

**Malia Dunn, MHR**

Housing Programs Manager| Community and Economic Development – HCV Office

**City of Davenport**

**T** 563-888-2202

226 W 4th St, Davenport, IA 52801

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Wednesday, February 11, 2026 2:32 PM
**To:** Dunn, Malia <Malia.Dunn@davenportiowa.com>
**Cc:** Dochterman, Amy <amy.dochterman@davenportiowa.com>; tiffany.n.chow@hud.gov; Randy Bramow <rbramow@newburyliving.com>
**Subject:** Re: [EXT] Response to Allegations and Requirement for Portability

Ms. Dunn,

Thank you for your email. I am happy to direct all future correspondence to you to ensure this matter is resolved immediately and professionally.

Regarding my previous correspondence with Ms. Dochterman, my communication was a direct attempt to protect my civil rights and my health during a medical emergency. My focus remains on a professional resolution and ensuring my portability is processed today.

Exhibit B2

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

# Formal Municipal Tort Claim and Demand for Damages - Lapreshia Lewis

1 message

**Lapreshia lewis** <preshiaivory@gmail.com> 11 June 2026 at 08:47
To: kelley.shook@davenportiowa.com

**Dear Ms. Shook,**

Please find attached the official City of Davenport Claim Form, along with my detailed Statement of Tort Claim and supporting evidence, submitted pursuant to the Iowa Municipal Tort Claims Act (Iowa Code Chapter 670).

This claim stems from an unauthorized municipal data breach of confidential utility customer records under Iowa Code § 388.9A, and the subsequent administrative duress and voucher withholding perpetrated by the Office of Assisted Housing between February 10, 2026, and March 31, 2026.

To ensure your investigation has immediate access to the full, verified paper trail, I have attached the following documents to this email:

- **Attachment 1:** Completed and signed 3-Page City of Davenport Claim Form
- **Attachment 2:** Statement of Tort Claim and Demand for Damages (Detailed narrative of factual allegations and statutory legal basis)
- **Attachment 3 (Exhibit A - The Data Breach):** Email from Housing Coordinator Amy Dochterman detailing the unauthorized utility lookup and housing voucher freeze.
- **Attachment 4 (Exhibit B - The Portability Request):** My official emergency intent to port request submitted on February 10, 2026.
- **Attachment 5 (Exhibit C - The Finance Audit & Release):** Written confirmation from Assistant Finance Director Jim Odean verifying the utility account was current and that a municipal refund check was actually owed, alongside the subsequent voucher release confirmation from Housing Manager Malia Dunn.

As documented in the attached Statement, I am seeking a full and final compensatory settlement in the amount of **$50,000.00** to resolve this matter and avoid formal civil litigation in the Iowa District Court.

Please reply to this message to confirm receipt of this email and all five attached files. I look forward to your prompt response regarding the City's review.

Respectfully submitted,

**Lapreshia Lewis** *Claimant Pro Se* 15 Riverview LN, Bettendorf, IA 52722

Phone: (773) 559-7297

**7 attachments**

**city of davenport (2).pdf**
397K

**Statement of Tort Claim.rtf**
6K

**amy.pdf**
535K

**the breach.pdf**
3405K

Exhibit C

**intent to port.pdf**
4786K

**amy malia.pdf**
814K

**james.pdf**
187K

Exhibit C

THE CITY OF
DAVENPORT
IOWA | USA

**City of Davenport Claim Form**

You should complete this form in full as it constitutes the basis of your claim against the city and will be used by the city to determine what, if any, liability the city bears as to the specific claim you are making. Failing to answer relevant questions may invalidate your claim. If more space is needed for any answer, attach additional paper. **Upon completion return this form to: Risk Manager, City of Davenport, 226 West 4th Street, Davenport, IA 52801.**

---

The City of Davenport, Iowa, is hereby notified of the following claim made upon it as a result of the loss reported herein.

1. Name of Claimant: Lapreshia Lewis
2. Claimant's Street Address: 15 Riverview LN
3. City: Bettendorf State: IA Zip Code: 52722
4. Claimant's telephone number: ( 773 ) 559-7297
5. Date of Loss/Incident: 02/10/2026 Time of Loss: N/A
6. The location of Loss/Incident: City of Davenport Office of Assisted Housing & City Revenue . Division (226 W. 4th Street, Davenport, IA 52801).
7. Describe the incident/occurrence that caused the injury/loss that forms the basis of your claim against the city. Please see the attached 'Statement of Tort Claim and Demand for Damages' along with Exhibits 1, 2, and 3. This claim involves a documented violation of utility data confidentiality under Iowa Code § 388.9A and severe administrative duress/retaliation perpetrated by Housing Coordinator Amy Dochterman, who unlawfully extracted private utility ledger records to threaten my federal housing voucher portability.
8. What were the weather conditions at the time of the incident/occurrence? N/A
9. Provide the name, address and telephone number of all persons who witnessed the incident / occurrence. Malia Dunn (Housing Manager, Office of Assisted Housing, 226 W 4th St, Davenport, IA) - 563-326-6147
Amy Dochterman (Housing Coordinator, Office of Assisted Housing, 226 W 4th St, Davenport, IA) - 563-326-7765
Jim Odean (Assistant Finance Director, City of Davenport, 226 W 4th St, Davenport, IA) - 563-326-7739
Randy Bramow (Property Manager, Newbury Living) – Phone: (319) 931-5011 | Address: 1606 Brady Street, Davenport, IA 52803 (Adverse Witness / Third-party property management involved in disputed ledger enforcement).
10. Did the police investigate the incident/occurrence? Yes ( ) No (x)
11. Was any person physically injured? Yes ( ) No ( x ) If "yes", provide the name, address, telephone number and describe the injury or injuries suffered.

EXHibt C1

12. Was any property damaged? Yes ( ) No (x) If "yes", describe the property and the damage. Attach estimates of the damages/loss or provide the basis used for ascertaining the amount of damage you claim.

_______________

13. Do you claim any other damage(s) as a result of this incident/occurrence? Yes (x) No ( ) If "yes", specify the nature and amount of other damage you are claiming.
Severe emotional distress, mental suffering, administrative duress, and invasion of privacy due to the intentional breach of statutory utility data confidentiality under Iowa Code § 388.9A.

14. What amount of total damages are you claiming from the city as a result of this incident / occurrence? $ 50,000.00

15. Have you made or can you make a claim against anyone else for the damages you are claiming as a result of this incident/occurrence? Yes ( ) No (x) If "yes", give the name, address and telephone number of such person/entity.

_______________

16. If the answer to the previous question was "yes", have you received any monies from that person/entity? Yes ( ) No (X) If "yes", what amount?
$_______________

17. Have you been compensated for all or part of this claim by an insurance company? Yes ( ) No (x) If "yes", provide the name, address and amount paid to date.

_______________

18. Are you being represented by an attorney for this claim? Yes ( ) No (x) If "yes", state your attorney's name and give your attorney's address.

_______________

19. Give your opinion of who is at fault for the incident and why? The City of Davenport's Office of Assisted Housing and Revenue Division are entirely at fault. Housing Coordinator Amy Dochterman bypassed security protocols to illegally access confidential utility data to threaten my federal housing voucher stability. Assistant Finance Director Jim Odean later audited the account, confirming the account was current and the city actually owed me a refund, proving the administrative duress was entirely unwarranted.

**Note:** If this claim involves a motor vehicle, please complete the next page.

**I, the undersigned, certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding and attached information is true and correct.**

6/10/2026
Date

Lapreshia Lewis
Signature of Claimant

Exhibit C1

E-FILED 2026 JUL 29 9:43 AM SCOTT - CLERK OF DISTRICT COURT

Not Applicable in this specific context or situation.

**Additional Report for Claims Involving a Motor Vehicle**

20. Year, make and model of vehicle: ______
21. License plate number and state of licensing: ______
22. Date vehicle acquired by claimant: ______
23. Purchased/acquired as New ( ) Used ( )
24. Name, address, telephone number of insurance company and agent carrying insurance on this vehicle. ______
25. Type of insurance in effect (i.e., comprehensive, collision) and liability limits. ______
26. Amount of Claimant's deductible: $______
27. Uninsured coverage in effect? Yes ( ) No ( )
28. Underinsured coverage in effect? Yes ( ) No ( )
29. Provide the name, address and telephone number of any person/entity having a security interest in the vehicle. ______
30. Where can the vehicle be seen/inspected? ______
31. How was the vehicle removed from the incident/occurrence and by whom? ______
32. Who was driving the vehicle at the time of the incident/occurrence? Name, address, telephone number: ______
33. Who was driving the other vehicles involved? Name, address, telephone number. ______
34. Year, make, model and license plate (state and number) of other vehicles: ______
35. Describe the incident/occurrence in detail providing direction of travel, location of vehicles, speeds, and/or conditions that contributed to the collision happening, etc. ______
36. Who is at fault for the collision and why? ______

Exhibit C1

## STATEMENT OF TORT CLAIM AND DEMAND FOR DAMAGES

**TO:** Risk Management Division, City of Davenport, Iowa

**ATTN:** Kelley Shook, Supervisor

**CLAIMANT:** Lapreshia Lewis

**DATE OF INCIDENT: February 10, 2026 (with continuous administrative actions through March 31, 2026)**

**TOTAL COMPENSATORY DEMAND:** $50,000.00

## I. INTRODUCTION & LEGAL BASIS

This Statement accompanies the official City of Davenport Claim Form submitted by Lapreshia Nicole Preston. This claim is brought pursuant to the Iowa Municipal Tort Claims Act (Iowa Code Chapter 670) for severe emotional distress, mental suffering, administrative duress, and civil rights retaliation resulting from an intentional, unauthorized municipal data breach. Specifically, employees of the City of Davenport intentionally violated **Iowa Code § 388.9A,** which strictly protects the confidentiality of private customer utility records and billing data.

## II. CHRONOLOGY OF FACTUAL ALLEGATIONS

1. **The Unauthorized Data Breach (February 10, 2026):** On February 10, 2026, Housing Coordinator Amy Dochterman of the Office of Assisted Housing bypassed standard privacy protocols to access and extract private, ledger-specific municipal utility billing records from the City Revenue Division. This information regarding utility bill dates and past amounts was pulled and disseminated without a signed privacy release, authorization waiver, or lawful subpoena, in direct violation of the statutory protections guaranteed under Iowa Code § 388.9A.

2. **Weaponization of Data and Administrative Duress:** Upon obtaining these confidential records, Ms. Dochterman weaponized the data to threaten the Claimant's federal housing stability. In written communications beginning February 10, 2026, Ms. Dochterman explicitly conditioned the processing and issuance of the Claimant's Section 8 portability voucher on the immediate payment of a disputed municipal utility ledger. Furthermore, Ms. Dochterman engaged in unauthorized background tracking and scrutiny of the Claimant's husband, Rashi Preston, utilizing database lookups to escalate administrative duress, demand residential confirmation, and manufacture unnecessary compliance hurdles.

3. **Severe Retaliation and Relocation Harm:** By unlawfully withholding the federal portability voucher, the Office of Assisted Housing held the Claimant's housing assistance hostage. This forced the Claimant and her family into a position of extreme financial uncertainty, housing instability, and severe emotional distress during their active relocation process to a new residence in Bettendorf, Iowa.

4. **Internal Audit and Confirmed Municipal Error:** Following a formal dispute initiated by the Claimant to the Finance Department, Assistant Finance Director Jim Odean conducted a comprehensive audit of the utility ledger. On February 11, 2026, Mr. Odean issued an email completely contradicting the enforcement actions taken by the Office of Assisted Housing. Mr. Odean explicitly confirmed in writing: "The account is current," and admitted that a refund check would be issued to the landlord for balances that had been improperly handled. Following this internal correction, Housing Manager Malia Dunn was forced to mail out the withheld voucher on February 12, 2026. This sequence proves that the aggressive administrative duress, voucher blockages, and privacy violations were entirely unwarranted.

Exhibit C2

## III. LIABILITY & DAMAGES

The City of Davenport is vicariously liable under Iowa Code § 670.2 for the tortious misconduct of its employees acting within the scope of their employment.

- **Statutory Privacy Violations:** The Revenue Division and the Office of Assisted Housing engaged in an unauthorized, internal transfer of confidential customer ledger data.
- **Administrative Duress:** A federal housing benefit (Section 8 voucher) was intentionally used as leverage to enforce a disputed ledger that an internal finance audit later proved was clear, current, and owed a refund.
- **Compensatory Damages:** As a direct result of being threatened with the loss of essential federal housing assistance due to a manufactured municipal error, the Claimant suffered immense mental anguish, panic, disruption of life, and severe emotional distress.

## IV. FORMAL DEMAND FOR SETTLEMENT

The written evidence from City of Davenport department leaders—attached hereto as Exhibits 1, 2, and 3—establishes a clear, closed loop of municipal liability. To avoid formal civil litigation in the Iowa District Court for statutory privacy breaches and constitutional violations, the Claimant hereby demands **$50,000.00** as a full and final compensatory settlement of this matter.

**Respectfully Submitted,**

**Lapreshia Lewis Claimant Pro Se 15 Riverview LN, Bettendorf, IA 52722**

**Phone: (773) 559-7297**

Exhibit C2

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

# Following Up: Municipal Tort Claim - Lapreshia Lewis

1 message

**Lapreshia lewis** <preshiaivory@gmail.com> 25 June 2026 at 08:19
To: kelley.shook@davenportiowa.com

Hi Kelley,

I hope you are having a good week.

I am following up on the formal Municipal Tort Claim and documentation I emailed over on June 11th regarding my utility account and data privacy.

Could you please reply to confirm that you received the documentation safely? If a claim or file number has been assigned to this matter, please let me know so I can keep it for my records.

Thank you for your time, and I look forward to hearing from you regarding the next steps in the city's review process.

Best regards,

Lapreshia Lewis

(773) 559-7297

Exhibit C3

Gmail **Lapreshia lewis <preshiaivory@gmail.com>**

## Following up on yesterday's conversation / Tort Claim Status - LaPreshia lewis

2 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 26 June 2026 at 14:25
To: kelley.shook@davenportiowa.com

Hi Kelley,

I am following up on our phone conversation yesterday. You mentioned you would be sending over a response regarding my Municipal Tort Claim.

I haven't received anything in my inbox yet, so I wanted to reply here to ensure we have the correct email address connection. Please let me know if a claim or file number has been assigned so I can keep it for my records.

Thank you, and have a great weekend

---

**Shook, Kelley** <kelley.shook@davenportiowa.com> 26 June 2026 at 17:04
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "Street, Amanda" <Amanda.Street@davenportiowa.com>

Ms. Lewis,

Thank you for following up.

Your claim number is RM26-306.

The adjuster assigned to your claim is Amanda Street. Her email address is amanda.street@davenportiowa.com, and her direct contact information is #563-328-6854.

At this time, Amanda is investigating your claim, and she will be in touch with you should she need any additional information.

Thank you, and have a great weekend!

**Kelley A. Shook**

Risk Management Supervisor | HR - Risk

**City of Davenport**

**T** 563-888-3379 | **M** 563-320-1761

Exhibit C3

226 W 4th St, Davenport, IA 52801

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Friday, June 26, 2026 2:26 PM
**To:** Shook, Kelley <kelley.shook@davenportiowa.com>
**Subject:** [EXT] Following up on yesterday's conversation / Tort Claim Status - LaPreshia lewis

You don't often get email from preshiaivory@gmail.com. Learn why this is important

ATTENTION: **This is an external email.**

[Quoted text hidden]

Exhibit C3

Gmail

**Lapreshia lewis <preshiaivory@gmail.com>**

**Status Update Request: Tort Claim RM26-306 (Lapreshia Lewis)**

3 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 7 July 2026 at 10:13
To: amanda.street@davenportiowa.com
Cc: kelley.shook@davenportiowa.com

Dear Ms. Street,

I am contacting you regarding the formal Municipal Tort Claim **RM26-306**, which was assigned to you for investigation.

As noted in Risk Management's records, the City has been in possession of my complete evidence packet, statutory legal basis under **Iowa Code § 388.9A**, and supporting exhibits since my formal submission on **June 11, 2026.**

Because the verified paper trail—including written admissions from Housing Coordinator Amy Dochterman and the subsequent account audit from Assistant Finance Director Jim Odean—has been available for review for nearly a month, I am requesting an update on the current status of your investigation.

Please advise as to the City's expected timeline for responding to the final compensatory settlement demand of $50,000.00. I look forward to your prompt response.

Respectfully submitted,

**Lapreshia Lewis** *Claimant Pro Se*

(773) 559-7297

---

**Street, Amanda** <amanda.street@davenportiowa.com> 7 July 2026 at 10:35
To: Lapreshia lewis <preshiaivory@gmail.com>
Cc: "Shook, Kelley" <Kelley.Shook@davenportiowa.com>

Good morning, Lapreshia.

Your claim is still under review at this time. I will let you know if further information is required to complete the review as well as provide you with an update when available.

Thank you,

**Amanda Street**

Risk Management Analyst | HR – Risk Division

**City of Davenport**

**T** 563-328-6854 | **M** 563-320-9436

226 W 4th St, Davenport, IA 52801

Exhibit C3

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Tuesday, July 7, 2026 10:14 AM
**To:** Street, Amanda <amanda.street@davenportiowa.com>
**Cc:** Shook, Kelley <kelley.shook@davenportiowa.com>
**Subject:** [EXT] Status Update Request: Tort Claim RM26-306 (Lapreshia Lewis)

You don't often get email from preshiaivory@gmail.com. Learn why this is important

**ATTENTION: This is an external email.**

[Quoted text hidden]

---

**Lapreshia lewis** <preshiaivory@gmail.com> 7 July 2026 at 10:41
To: "Street, Amanda" <amanda.street@davenportiowa.com>

Thank you for the quick update.

Since the City has now had my complete evidence packet and statutory documentation for nearly 30 days, I understand that internal departmental reviews take time. To ensure this matter progresses efficiently toward a potential administrative resolution, I will follow up with your office in two weeks, on **Tuesday, July 21, 2026**, if I have not received a formal update or a position on my settlement demand before then.

If you find that you require the lease documentation or have any specific questions regarding the itemized out-of-pocket relocation expenses while completing your review, please let me know.

Respectfully,

**Lapreshia Lewis**

*Claimant Pro Se*

[Quoted text hidden]

Exhibit C3

Gmail **Lapreshia lewis <preshiaivory@gmail.com>**

## Status Update Request: Tort Claim RM26-306 (Lapreshia Lewis)

3 messages

**Lapreshia lewis** <preshiaivory@gmail.com> 21 July 2026 at 09:14
To: "Street, Amanda" <amanda.street@davenportiowa.com>, kelley.shook@davenportiowa.com

Dear Ms. Street,

As stated in my correspondence on July 7, 2026, I am following up today regarding Municipal Tort Claim **RM26-306.**

To date, your office has not provided a substantive update, a timeline, or an official position regarding my **$50,000.00** compensatory settlement demand. The City of Davenport has now had my complete evidence packet, statutory legal framework under **Iowa Code § 388.9A**, and supporting exhibits for 40 days.

Because the city has failed to address this matter within the timeline outlined, I am proceeding with final preparations to file my formal civil petition in the **Iowa District Court for Scott County**.

If the City wishes to engage in meaningful settlement discussions or resolve this municipal tort claim prior to court filing, please contact me by **Thursday, July 23, 2026.** Otherwise, I will conclude that an administrative resolution cannot be reached and will proceed with the next legal steps.

Respectfully submitted,

**Lapreshia Lewis**

*Claimant Pro Se*

(773) 559-7297

---

**Street, Amanda** <amanda.street@davenportiowa.com> 21 July 2026 at 09:49
To: Lapreshia lewis <preshiaivory@gmail.com>, "Shook, Kelley" <Kelley.Shook@davenportiowa.com>

Good morning, Ms. Lewis.

Due to the amount you are seeking your claim was escalated to our Legal department for review. We are awaiting further direction, but I am happy to provide an update when available.

Thank you,

**Amanda Street**

Risk Management Analyst | HR – Risk Division

**City of Davenport**

**T** 563-328-6854 | **M** 563-320-9436

226 W 4th St, Davenport, IA 52801

ExhibitC3

davenportiowa.com

**From:** Lapreshia lewis <preshiaivory@gmail.com>
**Sent:** Tuesday, July 21, 2026 9:14 AM
**To:** Street, Amanda <amanda.street@davenportiowa.com>; Shook, Kelley <kelley.shook@davenportiowa.com>
**Subject:** [EXT] Status Update Request: Tort Claim RM26-306 (Lapreshia Lewis)

You don't often get email from preshiaivory@gmail.com. Learn why this is important

ATTENTION: **This is an external email.**

[Quoted text hidden]

---

**Lapreshia lewis** <preshiaivory@gmail.com> 21 July 2026 at 10:24
To: "Street, Amanda" <amanda.street@davenportiowa.com>
Cc: "Shook, Kelley" <Kelley.Shook@davenportiowa.com>

Thank you for clarifying that Claim RM26-306 has been escalated to the Legal Department for review.

Given that the complete file and evidence packet have been with the City since June 11th, I will await direct outreach from municipal legal counsel or an official update from your office by **Thursday, July 23, 2026**.

If the Legal Department requires any additional documentation to finalize their evaluation prior to Thursday, please let me know.

Respectfully,

**Lapreshia Lewis**

*Claimant Pro Se*

[Quoted text hidden]

Exhibit C4